**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FEDERAL DEPOSIT INSURANCE
CORPORATION, as successor to the
Resolution Trust Corporation,
<u>Creditor-Appellee,</u>

UNSECURED CREDITORS COMMITTEE;
QUINN, EMANUEL & URQUHART; PGA
WEST; HOTEL ASSOCIATES FOR PALM
SPRINGS; PALM BEACH POLO AND
COUNTRY CLUB PROPERTY OWNERS
ASSOCIATION, INCORPORATED,
<u>Creditors,</u>

and

LANDMARK LAND COMPANY OF
FLORIDA, INCORPORATED,

<u>Debtor-Appellee,</u>

v.

ARVIDA/JMB PARTNERS, L.P.-II,
<u>Respondent-Appellant,</u>

and

PGA WEST RESIDENTIAL
ASSOCIATION, INCORPORATED; PALM
BEACH POLO CLUB MEMBERSHIP
ASSOCIATION, INCORPORATED; HOTEL
ASSOCIATES OF PALM SPRINGS, a
California Limited Partnership;
CAPITOL HOTEL GROUP,
INCORPORATED; KSL RECREATION
CORPORATION; TRI-STATE GROUP,

No. 00-1212

INCORPORATED; CLUB CORPORATION OF AMERICA; MARK GOFF; BEN F. NIEMAN; LA JOLLA PACIFIC EQUITIES, INCORPORATED; INLAND PACIFIC REAL ESTATE; MUIA VILLAS HOMEOWNERS ASSOCIATION, INCORPORATED; THOMAS E. HEADRICK; TOC, INCORPORATED; KIAWAH RESORT ASSOCIATES,
Respondents,

and

LA QUINTA GOLF MEMBERS ASSOCIATION; MICHAEL C. MOORE; PALM BEACH POLO & COUNTRY CLUB POA, INCORPORATED; LA QUINTA MEDICAL/COMMERCIAL PLAZA, LIMITED; LAWWRENCE M. THRONEBURG, III; JOHN MUGNI,
Claimants,

MAMAL MOTAHARI; GINA TRAPANI; D. SCOTT CONE; GARY BRAUN; JANE HODGKINS, a/k/a Jane and Walter Hostetter; MORGAN STANELY REAL ESTATE FUND, L.P.; THE OCEAN COURSE, LIMITED; R. GEOFFREY LEVY; MCNAIR & SANFORD; JONES, DAY, REAVIS; MCGLINCHEY STAFFORD; GERALD G. BARTON; WILLIAM W. VAUGHAN, III; JOE W. WALSER, JR.; BERNARD G. ILLE; WILLIAM R. CAMPBELL; ROBERT H. HABANS, JR.; HERBERT V. LARSON, JR.; DAVID POPPER; POPPER AND POPPER; GLASS & REED,
Movants.

2

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Senior District Judge.
(CA-91-5291-2-1, BK-91-5814, BK-91-5815, BK-91-5816,
BK-91-5817, BK-91-5818, BK-92-77109)

Argued: December 5, 2000

Decided: January 10, 2001

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Jaime Augusto Bianchi, BIENSTOCK & CLARK,
Miami, Florida, for Appellant. Jay Ira Morstein, PIPER, MARBURY,
RUDNICK & WOLFE, L.L.P., Baltimore, Maryland, for Appellees.
**ON BRIEF:** Terry S. Bienstock, BIENSTOCK & CLARK, Miami,
Florida; Geoffrey R. Levy, LEVY & GOODWIN, Columbia, South
Carolina, for Appellant. Henry R. Lord, PIPER, MARBURY, RUD-
NICK & WOLFE, L.L.P., Baltimore, Maryland; Daniel J. Carrigan,
Timothy Branigan, PIPER, MARBURY, RUDNICK & WOLFE,
L.L.P., Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

This case involves the interpretation of a land-sale agreement to
purchase a real estate development. After a five week bench trial, the

district court rendered judgment for the seller, Landmark Land Company of Florida, Inc. ("Landmark Florida"). The buyer, Arvida/JMB Partners, L.P.-II ("Arvida"), appeals, asserting as it did before the trial court, that Landmark Florida breached the parties' contract, implied covenants of good faith and fair dealing, and post-closing obligations. We affirm.

I.

On November 21, 1988, Arvida entered into a land-sale agreement with Landmark Florida for the purchase of approximately 115 acres of undeveloped residential land within a development known as the Palm Beach Polo and Country Club ("Polo Club"). The Polo Club is a private recreational club that offers various amenities, including tennis, golf, pool, and polo facilities. Under the agreement, Arvida agreed to develop a residential community around the Polo Club and Landmark Florida agreed to maintain the Polo Club's amenities and provide residents with memberships to use those amenities.

The agreement included a "no sale" clause, § 8.2, providing that "for four years after [November 21, 1988], [Landmark Florida] . . . shall maintain legal and beneficial ownership and control of substantially all the Club Facilities[.]" The agreement also contained a confidentiality clause, § 19.7, requiring that the provisions of the agreement:

> will remain confidential and will not be disclosed by either party to any third party without the express consent of the other party except to the extent reasonably necessary to perform the obligations arising hereunder. All press releases and other media dissemination of information relating to the transactions contemplated by this Agreement will be subject to the prior approval of [Landmark Florida] and [Arvida].

Additionally, the agreement provided, in § 7.1, that Landmark would meet various post-closing obligations listed on a schedule that supplemented the agreement. Among other obligations, the terms of the schedule required Landmark Florida to remove cypress trees from specified locations and demuck the underlying soil.

4

Over the course of the four-year period following execution of the agreement, Landmark Florida's parent company, Landmark Land Company, Inc. ("Landmark Land") twice announced that it had entered into negotiations with third parties to sell certain of its assets, including the Polo Club facilities. On April 16, 1990, Landmark Land issued a press release indicating a potential sale of some assets, subject to various conditions, to Hon Development Company. The sale was never consummated. On January 2, 1991, Landmark Land announced another planned sale, subject to various conditions, to Dai-ichi Real Estate Company. That sale never came to fruition either.

On October 11, 1991, Landmark Florida filed for Chapter 11 bankruptcy. Arvida filed a claim in the bankruptcy case, essentially asserting that Landmark Florida fraudulently and in breach of its fiduciary duty breached its agreement with Arvida, causing Arvida economic losses. In response, Landmark Florida filed objections. Thereafter, Landmark Florida moved for partial summary judgment based on its objections to Arvida's claim. In particular, Landmark Florida challenged Arvida's tort claims based on fraudulent inducement, breach of fiduciary duty, and trade libel, Arvida's breach of contract claims relating to the potential sale of the Polo Club facilities and overcharges for the property owners association assessments, and Arvida's allegations of damages incurred after July 1991. The district court granted summary judgment in favor of Landmark Florida only on the breach of fiduciary duty and trade libel claims. As to the claim that the sale announcements breached the agreement, the court ruled that §§ 8.2 and 19.7 required Landmark Land to obtain Arvida's consent "prior to any disclosure."

Thereafter, the court held a five-week bench trial on the remaining claims. On June 30, 1999, the court issued its judgment on those claims, holding, _inter alia_, that: neither§§ 8.2 and 19.7 nor the implied covenants of good faith and fair dealing precluded Landmark Land from announcing the potential sale of the Polo Club facilities; Landmark Florida had met its contractual obligation to demuck specified portions of the land purchased under the agreement; and Landmark Florida did not cause Arvida's financial misfortunes.

Arvida appeals.

5

II.

We have reviewed the record, briefs, and applicable law, and considered the oral arguments of the parties, and we are persuaded that the district court reached the correct result. Accordingly, we affirm on the reasoning of the district court. <u>See In re Landmark Land Company of Florida, Inc.</u>, No. CIV.A.91-3291-1 (D.S.C. June 30, 1999).

<u>AFFIRMED</u>

6